x

Raheem J. Brennerman
Reg. No. 54001-048
Federal Correctional Institution
Allenwood Low
P. O. Box 1000
White Deer, Pa. 17887-1000

Hon. Lewis A. Kaplan
UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

February 22, 2022

BY FIRST CLASS CERTIFIED MAIL

Regarding:  Brennerman v. United States, Case No. 22 Cv. 996 (LAK)
  United States v. Brennerman, Case No. 17 Cr. 155 (LAK)
  RESPONSE TO COURT ORDER (RE: REQUEST FOR EVIDENCE)

Dear Judge Kaplan:

Petitioner/Movant Pro Se Raheem Jefferson Brennerman ("Brennerman or Petitioner") respectfully submits this response ("Response to Court Order") to the order of this Court at 17 Cr. 155 (LAK), EFC No. 216 and at 22 Cv. 996 (LAK), EFC No. 6. This correspondence is submitted: (a.) in an endeavor to further clarify Petitioner's request for evidence submitted in furtherance and support of his omnibus motion including collateral attack relief at 17 Cr. 155 (LAK), EFC No. 211 and at 22 Cv. 996 (LAK), EFC No. 1; (b.) to clarify Relief Requested and arguments presented within his complete collateral attack motion as succinctly highlighted below; (c.) to correct the erroneous assertion and attempt at obfuscation by this Court; and (d.) Petitioner's reiterated request for 60 days within which to reply to Respondent's response. Furthermore, to fully develop the record should media publication of this collateral attack proceeding become necessary.

**BACKGROUND:**

On January 31, 2022, Petitioner filed his "Omnibus Motion including Collateral Attack Relief" at United States v. Brennerman, et. ano., 17 Cr. 155 (LAK), EFC No. 211 and at Brennerman v. United States, 22 Cv. 996 (LAK), EFC No. 1. Concurrent with filing the Omnibus Motion, Petitioner also filed his "Affidavit and Motion in furtherance and support of his Omnibus Motion" at 17 Cr. 155 (LAK), EFC No. 212 and at 22 Cv. 996 (LAK), EFC No. 2.

1

On February 11, 2022 , Petitioner filed his "Addendum to Collateral Attack Motion" to clarify pertinent arguments at Grounds Two and Four of his Omnibus Motion including Collateral Attack Relief at Brennerman v. United States, 22 Cv. 996 (LAK), EFC No. 4.

On February 9, 2022, for unequivocal clarification, Petitioner filed an additional motion: "Request for Evidence in support of Collateral Attack Motion" at 17 Cr. 155 (LAK), EFC No. 215 and at 22 Cv. 996 (LAK), EFC No. 9. Petitioner appended as exhibit, evidence in the form of trial transcripts of the testimony by Government sole witness from ICBC (London) plc, Mr. Julian Madgett, who testified as to the importance of the requested documents/evidence to this case and the existence of the documents/evidence with their New York based counsel, Linklaters LLP and Attorney Paul S. Hessler. United States v. Brennerman et. ano., 17 Cr. 155 (LAK), EFC No. 215, Ex. 1; see also Brennerman v. United States, 22 Cv. 996 (LAK), EFC No. 9, Ex. 1).

These submissions together form the complete "Collateral Attack Motion" at 22 Cv. 996 (LAK), EFC Nos. 1, 2, 4, 9 and at 17 Cr. 155 (LAK), EFC Nos. 211, 212, 215.

As with Petitioner's "Affidavit and Motion in furtherance and support of his Omnibus Motion" and his "Request for Evidence in Support of Collateral Attack Motion" cited above, Petitioner presented with specificity the required documents and evidence as:

In the Affidavit and Motion in Support of Omnibus Motion including Motion for Collateral Attack Relief at 17 Cr. 155 (LAK), EFC No. 212 and at 22 Cv. 996 (LAK), EFC No. 2, Petitioner stated at no. 6: "The exculpatory evidence mentioned above includes all transaction documents including the [underwriting file] related to the bridge loan transaction between ICBC (London) plc ("ICBC London"), The Blacksands Pacific Group, Inc ("BSPG") and Blacksands Pacific Alpha Blue, LLC ("BSPAB"). In addition to all [minutes], [emails] and [records] related to the discussions including settlement discussions with respect to the aforementioned bridge loan transaction between agents of ICBC London, BSPG and BSPAB. At Nos. 7 and 8 of the said Affidavit and Motion, Petitioner highlighted the importance of the requested documents/evidence to the adjudication of his Collateral Attack motion.

In the Request for Evidence in Support of Collateral Attack Motion at 17 Cr. 155 (LAK), EFC No. 215 and at 22 Cv. 996 (LAK), EFC No. 9, Petitioner requested for an order of this Court (the "Order"): (a.) directing United States Attorney Office for the Southern District of New York, Linklaters LLP's New York office located in New York, New York, USA and Attorney Paul S. Hessler (the "parties") to produce to Petitioner, the Government and this Court, copies of all pertinent transaction files for the bridge loan transaction between ICBC (London) plc, The Blacksands Pacific Group, Inc., and Blacksands Pacific Alpha Blue, LLC including the transaction [underwriting file] and the post transaction files related to the settlement discussions including [meeting minutes], [notes etc.] as more succinctly highlighted at 17 Cr. 155 (LAK), EFC No. 212.

**DISCUSSION:**

On February 15, 2022, in an order of this Court at 17 Cr. 155 (LAK), EFC No. 216 and at 22 Cv. 996 (LAK), EFC No. 6, this Court did not contend that the process adopted by Petitioner for requesting the

documents/evidence required in furtherance and support of his Omnibus Motion lacks consonance with the norm in the context of a collateral attack petition and/or proceedings, yet inexplicably, this Court attempts to obfuscate Petitioner's request.

While this Court purports not to engage in any fact finding or undertake adjudication as to whether Petitioner is entitled to the requested documents/evidence, it (this Court) demonstrated its partiality by making statement as to the specificity of the requested documents/evidence. Rather than acting as an impartial arbiter simply ordering the Government to respond to Petitioner's request, this Court engaged in an attempt to obfuscate Petitioner's request. Specifically, this Court in relevant parts of its order stated:

"By letter dated February 9, 2022, movant requests an order compelling Linklaters LLP and Paul S. Hessler to provide [unspecified] documents in their possession to petition, a request he claims to have made in his so-called Omnibus motion, which is Dkt. 211 in the criminal docket. No such request was made in the "Relief Sought" section of the Omnibus Motion, Dkt. 211, at 1, or, perhaps, elsewhere in the 189 pages of that document. Nonetheless, the Court treats movant's latest letter as a request for such relief."

Such statement is inaccurate and perplexing highlighting this Court's predisposition to prejudice Petitioner. Most impartial arbiters would question the Government/Respondent as to how they excluded such important documents/evidence, [the ICBC underwriting file] and [settlement discussion minutes and notes], which Petitioner now require for his collateral attack proceedings, from the case/prosecution, however, because this Court was/is the core reason for this prosecution, it (this Court) is determined to suppress the documents/evidence so as to intentionally prejudice Petitioner.

Moreover, at no point did Petitioner state that his request for evidence was contained within his [so-called] Omnibus Motion. In fact, the request was made in his "Affidavit and Motion in furtherance and support of his Omnibus Motion" at EFC No. 212 in the criminal case and at EFC No. 2 in the collateral attack case, which he filed concurrently with the Omnibus Motion including Collateral Attack Relief.

This Court further engaged in an attempt to obfuscate the request by stating that Petitioner requested for [unspecified] documents. That is an erroneous statement intentionally made by this Court to cause prejudice. Throughout Petitioner's filings, the documents/evidence requested were made with specificity as highlighted above and below. Petitioner further highlighted the importance of the documents/evidence for the adjudication of his collateral attack motion and presented evidence as to the existence of the documents/evidence with Linklaters LLP and Paul S. Hessler.

Petitioner contends that this Court made such inaccurate statement solely to encourage the Government/Respondent to argue that Petitioner did not satisfy the Rules (6 and 7) governing Section 2255 proceedings for the United States District Courts, specifically, the legal standard which states in relevant parts that:

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3

"A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must [specify] any requested documents." Rule 6(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. "Before addressing whether petitioner is entitled to discovery under [Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 6")] to support his [constitutional violation] claim, [the court] must first identify the 'essential elements' of that claim." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997)."

Petitioner further contends that because the legal standard stipulates that Petitioner must specify any requested documents, this Court in its order made the erroneous statement that Petitioner requested for [unspecified] documents from Linklaters LLP and Paul S. Hessler so as to intentionally and unconstitutionally deprive Petitioner access to the requested documents / evidence, a repeat of the past - prior to and during trial. Petitioner further avers that because this Court is well aware that those documents/evidence are exculpatory and will prove his innocence, it (this Court) is determined to deprive him access to those documents/evidence, hence its promulgation, made in contrast to the record and submissions.

Petitioner asserts that while this Court directed the Government to respond to his request and further held the request in abeyance, it is necessary for him (Petitioner) to highlight the erroneous assertion in light of this Court's prior conduct and attempt to prejudice him by endeavoring to suppress and deprive him access to evidence that will prove his innocence and support his "Relief Requested" to set-aside the judgment of conviction and vacate the sentence.

The issue highlighted above with respect to this Court's conduct, is precisely one of the reasons among others, why Petitioner requested the recusal and disqualification of this Court to allow an impartial judge with no interest in the outcome of the proceeding to adjudicate on the issues contained within the Omnibus motion including collateral attack motion, however, this Court denied Petitioner's request without providing any demonstrable rebuttal to his (Petitioner) contention about this Court's conduct which is at issue.

**DOCUMENTS REQUESTED/REQUIRED:**

For clarification and specificity, Petitioner requested for the following documents/evidence (highlighted below) in furtherance and support of his "Omnibus Motion including Collateral Attack Relief"

a.) ICBC (London) plc, [underwriting file] related to the bridge loan transaction between ICBC (London) plc ("ICBC London"), The Blacksands Pacific Group, Inc. ("BSPG"), and Blacksands Pacific Alpha Blue, LLC ("BSPAB")

b.) ICBC (London) plc, [Minutes], [Notes] and [E-mails] related to settlement discussion(s) between agents of ICBC (London) plc and The Blacksands Pacific Group, Inc., with respect to the bridge loan finance between ICBC London, BSPG and BSPAB

Four (4) specified documents/evidence.

4

**PETITIONER REQUEST FOR 60 DAYS WITHIN WHICH TO REPLY TO RESPONDENT'S RESPONSE:**

Pro Se Petitioner, in the interest of justice, requested for 60 days to reply to respondent's answer.

In response, this Court stated in relevant part of its order: "Movant also asks for 60 days within which to reply to the government's response. The request is granted but only to the extent of requiring that any reply to the government's response shall be filed within 30 days of the date thereof."

Petitioner again respectfully reiterates his request for 60 days within which to file his reply to government's response, because 30 days is grossly inadequate to complete the necessary legal research given limited access to the law library and legal research while the institution, Allenwood Low, where he is currently incarcerated is operating on Level 3 "Red" Restrictive Movement due to the ongoing Covid-19 pandemic. Moreover, it usually takes up-to a week (7 days) for Petitioner to receive any response by the government and also up-to a week (7 days) for the Court to receive any reply by Petitioner, leaving only two weeks (14 days) to complete necessary legal research and drafting of his reply.

The Government will not be prejudiced by this Court granting an additional 30 days extension, totaling 60 days within which to file his (Petitioner) response, neither will this Court be prejudiced by the extension of time. The Covid-19 pandemic is affecting the operations of certain Federal Bureau of Prisons (FBOP) institutions, causing restrictive movements of inmates and affecting inmates' access to the law library and legal research, thus incarcerated Pro Se Petitioners are more prejudiced than other Petitioners without such restrictive movement warranting an additional 30 days extension (totaling 60 days) within which to file reply to government's response.

Petitioner, therefore respectfully reiterates his request for 60 days within which to file his response to government's response.

**CONCLUSION**

Petitioner respectfully submits the above, to clarify the erroneous assertions contained within this Court's order, to specify the documents/evidence, to reiterate his request for 60 days within which to file his response to government's answer, and to further develop the record should media publication of this proceeding become necessary.

Petitioner further submits that, the clerk of court did not mail the orders of this Court at 17 Cr. 155 (LAK), EFC Nos. 213 and 214 to him as directed by this Court.

Dated:  February 22, 2022
       White Deer, Pa. 17887-1000

                                            Respectfully submitted

                                            /s/ Raheem J. Brennerman
                                            RAHEEM JEFFERSON BRENNERMAN
                                            Federal Correctional Institution
                                            Allenwood Low
                                            P. O. Box 1000
                                            White Deer, Pa. 17887-1000

                                            Pro Se Petitioner/Movant

Cc: U.S. Attorney Office (By U.S. Mail)