TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-L-A

# MEMO ENDORSED

FROM: 54001048
TO:
SUBJECT: MOTION FOR RULE 60(b) RELIEF - COVER
DATE: 12/28/2022 06:26:57 AM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-22-2023
```

x      UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHEEM J. BRENNERMAN,

    Petitioner/Movant,

-vs-

                              Civil Action No. 22-Cv-0996 (LAK)
                        (arising from Criminal Case No. 17-Cr-0155 (LAK))

UNITED STATES OF AMERICA,

    Respondent,

---

### PETITIONER/MOVANT'S MOTION AND MEMORANDUM OF LAW
### FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

                                                    Raheem J. Brennerman
                                                    Federal Correction Institution
                                                    Allenwood Low
                                                    P. O. Box 1000
                                                    White Deer, Pa. 17887-1000

                                                    Pro Se Petitioner/Movant

December 28, 2022

NOTE: This motion and memorandum of law is submitted in its original form without the normal legal standard formatting due to Petitioner/Movant's continued incarceration arising from the inter-related fraud case. The judge who presided over that case and its entire proceeding, Judge Richard J. Sullivan, intentionally misrepresented (fabricated) evidence to falsely satisfy the law and statute to convict and imprison him. See United States v. Brennerman, 17-cr-337 (RJS), at EFC Nos. 269, 270, 272, 274, 285, 286, 287, 288.

As requested by the U.S. Attorney Office, S.D.N.Y., on October 5, 2022, Petitioner/Movant submitted the civilian crime report and addendum (the "Civilian Crime Report"), in respect of the two cases: Brennerman v. United States, 22 Cv. 0996 (LAK) for criminal contempt of court and its inter-related fraud case: United States v. Brennerman, 17 Cr. 0337 (RJS), to the Manhattan U.S. Attorney, Mr. Damian Williams; the Assistant Attorney General for Criminal Division, Mr. Kenneth A. Polite Jr.; the U.S. Attorney Office for the Southern District of New York, Civilian Crime Report Unit (Criminal Division); and the United States District Court at: United States v. Brennerman, 17 Cr. 0337 (RJS), at EFC No. 286.

<u>Memorandum Endorsement</u>     Brennerman v. United States, 22-cv-0996 (LAK)
                                 <u>United States v. Brennerman, 17-cr-0155 (LAK)</u>

   Defendant Brennerman was convicted by a jury of two counts of criminal contempt of court and sentenced principally to a term of imprisonment of 24 months. The conviction was affirmed on appeal. *United States v. Brennerman*, 816 Fed. App'x 583 (2d Cir. 2020), *cert. denied*, 141 S.Ct. 1442 (2021). On January 31, 2022, he filed a paper styled "OMNIBUS MOTION INCLUDING MOTION FOR COLLATERAL ATTACK RELIEF PURSUANT TO 28 UNITED STATES CODE SECTION 2255 AND OTHER RELIEFS." Dkt 211.[1] That motion, as supplemented, was denied on May 16, 2022, as was a certificate of appealability. Dkt 235.

   Now before the Court is defendant's most recent attempt to attack the judgment of conviction, a purported Civil Rule 60(b) motion that seeks to vacate the order that denied his self-described Section 2255 motion. Dkt 247; Dkt 249. His opening argument is that relief should be granted because his previous motion was not, and could not have been, a Section 2255 motion because he no longer was in custody under the conviction attacked by the his prior motion (a fact, if it be so, not mentioned in his prior motion, which gave a return address as a federal correctional institution), and that the Court therefore should have treated his self-described 2255 motion as a petition for a writ of error *coram nobis*. Dkt 247, at ECF pp.7-9. He then goes on to attempt to reargue the various points resolved against him either on direct appeal, in the denial of his "Omnibus Motion," or both, perhaps in the belief that the new *coram nobis* argument might secure appellate review of the basis on which the Court denied the self-described 2255 motion despite the denial of a certificate of appealability.

   The bottom line of all this is plain enough. There would be no basis for granting *coram nobis* relief even if defendant were not in custody at the times his previous motion was filed and/or decided, essentially for the reasons stated by the government in its response to this motion. Dkt 250, at 3. Accordingly, the motion is denied. The Clerk shall terminate Dkts 247 and 249.

   SO ORDERED.

Dated:  March 22, 2023

                    _____
                     Lewis A. Kaplan
                   United States District Judge

---

[1] All Dkt references are to the docket in the criminal case.